IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK MICHAEL ALLEN, SR.,   )
                              )
         Plaintiff,           )
                              )
     v.                       )    1:20CV1080
                              )
DURHAM DETENTION FACILITY, et al., )
                              )
         Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Derrick Michael Allen, Sr., while housed as a pretrial detainee in the Durham County Detention Facility, submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff, makes a variety of allegations against the Detention Facility, its healthcare provider, and employees at the Detention Facility. He seeks a total of $2,000,000,000 in actual and punitive damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

The first Defendant named in the Complaint is the Durham County Detention Facility, which is not a proper Defendant because only persons can be sued under § 1983 and the

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Facility is building, not a person. Even if Plaintiff could substitute a person for the Facility, his claim would still fail because the only allegation against the Facility is that Plaintiff is "now subjected to false imprisonment and illegal detention." (Docket Entry 2 at 7.)[2] This is an entirely conclusory statement made without any factual support. Therefore, the Complaint fails to state any potential claim for relief.

The Complaint next names Captain Barnes and Major Bazemore, officers at the Detention Facility, as Defendants by alleging that they did not respond to Plaintiff's grievances concerning the conduct of staff members. (Id. at 7-8.) These allegations are largely conclusory as well, but also fail to state a claim for relief because there is no substantive due process right to a prison grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

The Complaint also names Chief Prignovo as a Defendant by alleging that Plaintiff appealed a disciplinary conviction but had not heard the result of that appeal at the time he filed the Complaint. (Docket Entry 2 at 8.) The Complaint sets out no facts demonstrating that Plaintiff had a federal constitutional right to any decision on his appeal prior to filing the Complaint. Therefore, it fails to state any claim against Defendant Prignovo.

The next two named Defendants are Captain Russell and Major Cornigee. The Complaint claims that they did not make themselves "readily available" to Plaintiff when other staff members violated his rights in unidentified ways. (Id. at 8-9.) Not only are these

---

[2] All page citations refer to the page numbers listed in the footer displayed on the documents in this Court's electronic case filing database.

allegations also entirely conclusory, but the Complaint contains nothing to show that Plaintiff had a constitutional right of access to these Defendants. The Complaint also alleges that Defendant Cornigee is responsible for the conduct of lower ranking staff members. However, theories of *respondeat superior* or predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Iqbal, 556 U.S. at 677. The Complaint sets out no separate basis for liability. Therefore, it fails to state any claim for relief as to Defendants Russell and Cornigee.

    The Complaint next names Officer Whittfield as a Defendant. It alleges that he delivered a food tray to Plaintiff, that Plaintiff ate the food, and that he became drowsy 30-40 minutes later. (Id. at 9.) Plaintiff then asked Defendant Whittfield to speak with the sergeant on duty, but "to no avail." (Id.) Plaintiff does not have an unfettered constitutional right to speak to officers any time he wishes and the Complaint sets out no facts that would impose a constitutional duty on Defendant Whittfield to allow him to speak to someone. Drowsiness after eating does not somehow create a constitutional duty to speak with a supervisor and the Complaint contains nothing that would have suggested to Defendant Whittfield that the situation called for an intervention by a supervisor or anyone else.

    The Complaint names Officer McMillian and Staff Sergeant Coleman as Defendants because they allegedly failed to provide Plaintiff with grievance forms or allow him access to an electronic kiosk to file a grievance. (Id. at 10.) As stated earlier, Plaintiff does not have a constitutional right to file grievances. Therefore, these allegations also fail to state any claim for relief.

The Complaint alleges that Officer Gibson had a co-worker deliver a food tray containing oatmeal to Plaintiff and that footage exists showing Defendant Gibson standing below Plaintiff's cell looking up at him and blowing air out of one nostril while covering the other nostril with his finger. (Id. at 10-11.) Plaintiff takes this an indication from Defendant Gibson to him that he blew snot into the oatmeal he sent to Plaintiff. However, the Complaint contains no facts demonstrating that this actually occurred, that Plaintiff consumed the oatmeal, or that he suffered any actual harm. A crude gesture did not somehow violate Plaintiff's federal constitutional rights.

The Complaint additionally alleges again that Plaintiff felt drowsy after consuming a dinner tray, that he found particles of plastic and small pebbles in his food, and that he believed he tasted "the hint of chemical agents" in food trays. (Id. at 11.) However, it does not tie these alleged events to any named Defendant.

The Complaint next names Correct Care Solutions as a Defendant and asserts that it provides medication for nurses to distribute to inmates at the Detention Facility. (Id. at 12.) Even if true, this does not somehow violate Plaintiff's rights.

Finally, the Complaint names Nurse Johnson as a Defendant. It alleges that on one occasion when Plaintiff felt drugged or drowsy after consuming a food tray she distributed medications and gave him ibuprofen for tooth pain. (Id.) The Complaint does not contain facts to show that she needed to do more or even that Plaintiff requested anything more from her. Therefore, it fails to state any claim for relief as to Defendant Johnson. The Complaint

should be dismissed as to Defendant Johnson and all other Defendants for the reasons set out above.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $1.20. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $1.20.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of August of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid. Plaintiff has now been released from custody, but a copy of this order will be sent to his former trustee so that they are aware of the debt should he reenter custody.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 20th day of July, 2021.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**